MICHAEL R. KELLY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kelly v. Commissioner
Docket No. 30915-84.
United States Tax Court
T.C. Memo 1987-352; 1987 Tax Ct. Memo LEXIS 352; 53 T.C.M. (CCH) 1376; T.C.M. (RIA) 87352; July 21, 1987. Michael R. Kelly, pro se. Theresa E. Mitchell, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax in the following amounts for the following years: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
1979
$ 2,202.94
$ 670.00
$ 164.00
1980
1,914.77
-
96.00
*354 The issues for decision are (1) whether the statute of limitations bars assessment of the deficiencies and additions, (2) whether respondent should bear the burden of proof as to the deficiencies and additions, (3) whether respondent has correctly determined petitioner's unreported income for the years in issue, (4) whether petition is liable for damages under section 6673. FINDINGS OF FACT Petitioner resided at Miami, Fla., at the time of the filing of the petition. During all relevant times, he was self employed in the painting and contracting trade. Petitioner filed an unsigned Form 1040 (individual income tax return) for 1979, no earlier than July 1, 1981. On October 22, 1981 respondent sent petitioner a letter indicating that his 1979 return did not show his signature. The letter offered petitioner an opportunity to sign a declaration, included therein, stating that under penalties of perjury he believes his return to be true, correct and complete. Instead of signing the declaration petitioner wrote back to respondent that he will sign nothing under any penalties but will state that he filed a form for 1979. This communication from petition was received by respondent *355 November 19, 1981. Petitioner filed an unsigned Form 1040 for 1980 on or before April 15, 1981. In aid of its investigation of petitioner's income tax liabilities, and pursuant to section 7609, respondent issued a "third party recordkeeper" summons to Barnett Bank of Hialeah, Fla., seeking bank records pertaining to petitioner. A notice of the summons was given to petitioner pursuant to section 7609(a)(1). On January 28, 1984, petitioner filed a petition to quash the summons in the United States District Court for the Southern District of Florida, [2] pursuant to section 7609(b)(2). On April 9, 1984 the Honorable C. Clyde Atkins, United States District Judge, entered an order enforcing the summons and dismissing the petition to quash with prejudice for failure to state a claim upon which relief can be granted. A period of 72 days had elapsed between the time of petitioner's petition to quash and the entry of the order dismissing the petition. On June 4, 1984 respondent issued the statutory notice of deficiency. The deficiency notice explained that petitioner's net profit as reported on the filed documents was being adjusted as a result *356 of an analysis of petitioner's business and personal bank account deposits during the years in issue. After adjusting those deposits for inter-account transfers the remaining deposits were cumulated as gross receipts and reduced by 70 percent for cost of goods sold and business expense deductions. The painting contracting industry average for such adjustments during the years in issue was 70 percent. Petitioner offered no proof as to the sources of any of his bank deposits and substantiated no deductions or adjustments to gross receipts for cost of goods sold. Petitioner presented no evidence on the merits of the section 6653(a) addition. OPINION The first issue for consideration is whether the statute of limitations bars the assessment of tax against petitioner for the years in issue. The deficiency notice was sent on June 4, 1984. Normally, taxes must be assessed within three years after the last day prescribed by law for the filing of the return on which the tax is reported or, if later, within three years after the return is filed. Sections 6501(a), 6501(b)(1). Where no return is filed, however, the tax may be assessed at any time. Section 6501(c)(3); . *357 An unsigned Form 1040 is not a valid return. , affd. without published opinion . The limitations period has not expired for the years in issue. Respondent's notice of deficiency is timely. [3]
The next issue is whether petitioner has made a sufficient showing to shift the burden of going forward with the evidence to respondent. We hold that he has not. As a general rule a petitioner in this Court has the burden of going forward with the evidence as well as the ultimate burden of persuasion that the deficiency determined by the Commissioner in the statutory notice is incorrect. Rule 142(a); . However, a showing by petitioner that the statutory notice is arbitrarily excessive or without foundation shifts the burden or going forward with the evidence to respondent. ; *358 , affd. in part and revd. in part . Here, petitioner contends that respondent's distinction between "explained" bank deposits (not included in income) and "unexplained" deposits (included) was arbitrary. We disagree. During petitioner's tax liability examination, respondent sought income records from him, but petitioner replied they had been lost while moving. His deduction receipts were provided to respondent in a paper bag, and respondent's appeals officer appears to have made as much use of this as possible. [4] As a self-employed painter and contractor, petitioner's own records are the best direct proof of his income. Their absence in effect forced respondent to use an indirect method of proof, petitioner's bank deposits. As we understand respondent's method, he totaled petitioner's bank deposits and subtracted inter-account transfers to arrive at a *359 gross receipts figure. He then reduced this figure by the 70 percent industry average for cost of goods sold and deductions. "Explained" deposits are attributable to the inter bank transfers [5] and "unexplained" deposits are others. We do not find this classification arbitrary. Therefore, the burden of going forward with the evidence will not shift to respondent. We turn to the merits of respondent's determinations. Since petitioner failed to maintain or produce books or records, respondent was authorized by section 446 to compute his income by any method which in respondent's opinion clearly reflected such income. ; ; . Furthermore, in such a case respondent has great latitude in adopting a method for reconstructing the income, , and his method *360 of reconstruction need only be reasonable in the light of all surrounding circumstances. . We have long accepted the bank deposits method of income reconstruction. See ; , affd. . Petitioners have the burden of proving that the method used and the determination made by respondent in this case is erroneous. ; . Rule 142(a). Other than his procedural arguments, petitioner has made no effort to refute respondent's determinations. He has not addressed himself in this Court to the source of any bank deposits, nor to the substantiation of any deductions or adjustments. [6] We hold for respondent on the deficiencies. *361 Respondent determined an addition under section 6651(a)(1) for the 1979 taxable year. Petitioner has the burden of showing the determination to be erroneous. Rule 142(a). Petitioner's argument that his 1979 return was timely filed was rejected in our limitations discussion above. He has presented no other arguments and no evidence in support of this position as to the addition. We uphold respondent's determination of a delinquency addition for 1979. Respondent determined additions under section 6653(a) for the 1979 and 1980 taxable years. Petitioner has the burden of showing these determinations to be erroneous. Rule 142(a). He has presented no evidence with which that burden may be carried. We uphold respondent's determination of negligence additions. Respondent has moved for damages under section 6673. Pursuant to that provision, this Court is permitted to impose damages up to $ 5,000 whenever the proceedings have been instituted or maintained by the taxpayer primarily for delay or the taxpayer's position in such proceeding is frivolous or groundless. Respondent's revenue agent did not testify that he had ever previously explained to petitioner respondent's use of *362 "explained" and "unexplained" bank deposits. We do not find the deficiency notice entirely clear on the point and there may have been a genuine question in petitioner's mind as to how respondent calculated his income. Although this is a close question, we decline to award damages under section 6673 on these facts. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as in effect during the years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Docket No. 84-0238-CIV-CA. ↩
3. Respondent has not argued that the unsigned returns were not "returns" sufficient to begin running the limitations period. Nevertheless we are constrained to apply the correct law to the facts of the case. ↩
4. The deductions determined by respondent in accord with the industry averages, although less than petitioner claimed on the returns, are more than the Appeals Officer allowed after review of petitioner's documentation. ↩
5. They may also include other deposits found for some other reason by respondent to be nonincome items, although the record is not perfectly clear on this point. ↩
6. Petitioner has argued that since he did not sign his returns, they cannot form the basis for a deficiency. The argument is erroneous. A deficiency is the excess of the tax over the amount shown on the return plus amounts previously assessed. Sec. 301.6211-1(a), Proced. & Admin. Regs. Filing an unsigned return may be considered the filing of no return. , affd. . If no return is filed, the amount shown on the return for purposes of the deficiency definition, "shall be considered as zero." Sec. 301.6211-1(a), Proced. & Admin. Regs. ↩